SCHOTT, Chief Judge.
On December 28, 1977, the state filed a bill of information against defendant charg *1271 ing him with criminal neglect of family in violation of LSA-R.S. 14:74 by failing to provide support for his two children. Several times over the years defendant appeared in court in response to rules for contempt and to accumulate arrearages. On such an occasion on December 8, 1988, the court fixed the arrearage at $14,453.80 and dismissed the contempt rule. No appeal was taken from this judgment or any previous judgments. On February 7, 1991, defendant filed a rule to stay the service on his employer of an income assignment order on the ground that he had not been more than thirty days in arrears since his last court date. At the hearing on this rule, defendant for the first time informed the court that he and his wife had been temporarily reconciled in the early 1980’s. The court found that a reconciliation took place between December 1981 and January 1983, closed the case effective December 1981, and found defendant to be in arrears in the amount of $6,618.89 up to November 1981. The state has appealed.
The state does not dispute that reconciliation constitutes a defense, but it argues that defendant has waived the defense by failing to ask timely for termination of payments. Furthermore, the state contends that the court’s rendition of the present judgment was the equivalent of granting post conviction relief to the defendant in violation of C.Cr.P. art. 930.3.
When no appeal was taken by defendant from the judgment of December 8, 1988, fixing the arrearage at $14,453.80, this judgment became final. When the reconciliation came to the attention of the court in 1991, there was no proceeding pending and none has ever been filed to attack the 1988 judgment from which no appeal had ever been taken. Consequently, the trial court had no authority to take away from the state its rights under the 1988 judgment.
Accordingly, the judgment appealed from is reversed to the extent that it modifies the judgment of December 8, 1988, fixing the arrearage at $14,453.80; the judgment is affirmed to the extent that it closes the case after December 8, 1988.
REVERSED IN PART; AFFIRMED IN PART.